# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DEBBIE W. RAMIREZ | § | |
| | § | |
| V. | § | CASE NO. 4:03cv311 |
| | § | (Judge Schell/Judge Bush) |
| Commissioner of Social | § | |
| Security Administration | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits and Social Security Income Payments. After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be affirmed.

## HISTORY OF THE CASE

Plaintiff originally filed an application for Disability Insurance Benefits on June 18, 2001 and an application for Social Security Income Payments on September 30, 2002, alleging disability due to bilateral carpal tunnel syndrome and tendinitis beginning May 16, 2000. The applications were denied initially and upon reconsideration. Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ"). After holding a hearing on December 19, 2002, the ALJ issued an unfavorable decision on April 25, 2003. The Plaintiff subsequently requested that the Appeals Council conduct a review. The Appeals Council denied Plaintiff's request on July 25, 2003. Therefore, the decision of the ALJ became the final decision of the

1

Commissioner. Plaintiff now seeks judicial review of the final administrative decision pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

Plaintiff was forty-three years old at the time of the ALJ hearing. Plaintiff has a tenth grade education and her past work experience includes employment as a factory worker, cashier/checker, stock worker, fast food cook, and bartender. According to the ALJ, Plaintiff related the following factual history:

> [T]he claimant sustained a repetitive motion strain injury to her left elbow in May 2000. She was treated conservatively by a chiropractor. (Ex. 1F). In February 2001, carpal tunnel release was performed by David A. Zehr, M.D. The surgeon noted in August 2001, that even though she was fully supple and had full passive range of the digits, she could not make a fist. The surgeon opined the claimant had psychological overlay and if he operated on her other hand he probably would not be able to make it better and recommended that she see a psychologist. (Ex. 3F). By November 2001, Phillip Osborne, M.D. found the claimant showed extreme evidence of psychosocial overlay or symptom magnification. She made no response regarding parathesias, that Dr. Osborne opined made no anatomical sense and found the bilateral sensory examination was invalid. (Ex. 9f/216).
>
> A full battery psychological evaluation performed in August 2001 by Ronald W. Anderson, Ph.D. found by WAIS-R examination a full scale IQ of 80, putting the claimant's intellectual functioning in the borderline area. He found she had an adjustment disorder with mixed features of depression and anxiety with a global assessment of functioning of 65….
>
> State Agency medical consultants and the psychological medical expert opined the claimant's medically determinable mental impairments of adjustment disorder and borderline intellectual functioning were non-severe impairments….
>
> The claimant testified she had asthma. At the time she applied for disability she complained of shortness of breath and said she took Abuteral. On examination in January 2001, Dr. Osborne found the lungs clear to percussion and auscultation with no wheezes or rubs present. (Ex. 1F/5).

> The medical evidence indicates that the claimant has adjustment disorder and borderline intellectual functioning, which are non-severe mental impairments; and carpal tunnel, bilaterally with pain and numbness in upper extremities by history, this is severe within the meaning of the Regulations but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4.
>
> _____
>
> Dr. Zehr opined that given the poor surgical response to the right carpal tunnel release, he did not want to do left-sided surgery; and further opined the claimant could no longer return to repetitive tasks....
>
> Ray Beaty, a chiropractor, stated the claimant could not do any repetitive activities or lift the left arm.
>
> Melissa Dingle, D.C. opined in October 2002, that the claimant was permanently disabled since May 2000, and could not work....
>
> John Ferrell, M.D. opined in February 2003, that the claimant suffered from chronic pain syndrome and he expected her disability would be permanent....Dr. Ferrell's record had no treatment records, no laboratory tests, x-ray, etc. (Ex. 10F and 16F).
>
> Both Dr. Ferrell and Dr. Dingle have said the claimant is disabled. Disability is a medical source opinion on an issue reserved to the Commissioner.  SSR 96-5p.
>
> The medical expert, Dr. McClure, opined the claimant was capable of light work activity.  She was able to lift and carry twenty pounds occasionally and ten pounds frequently, stand and walk for six hours and sit for the other two hours in an eight-hour day.  She was not able to use her hands in repetitive tasks.
>
> Dr. Price, a medical expert, testified the claimant was able to understand, carry out, and remember simple instructions; use judgement; and deal with changes in a routine work setting.
>
> A state agency medical consultant in April 2002 opined the claimant was capable of light work with no repetitive pinch and grip.  (Ex. 12F).
>
> A state agency consultant, the medical expert, and the claimant's treating physicians Dr. Zehr and Dr. Beaty opined the claimant could not do repetitive tasks.  The State agency consulting physician and medical

> expert agree the claimant is capable of light work with the limitation of no repetitive tasks. The undersigned agrees with these opinions since they are well supported and not inconsistent with the medical record. SSR 96-2p and SSR 96-6p.
>
> _____
>
> The vocational expert testified that the claimant could not perform her past relevant [work] because of the functional limitation of occasional use of her hands.

(TR 18-20).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation.

The ALJ made the following findings:

1. The claimant meets the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant has an impairment or combination of impairments considered "severe" based on the requirements in the Regulations 20 C.F.R. §§ 404.1520(c) and 416.920(b).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 C.F.R. §§ 404.1527 and 416.927).

7. The claimant has the following residual functional capacity: She is

        able to lift and carry twenty pounds occasionally and ten pounds frequently, stand and walk for six hours and sit for the other two hours in an eight-hour day.  She is not able to use her hands for repetitive tasks.

8. The claimant is unable to perform any of her past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

9. The claimant is a "younger individual" (20 C.F.R. §§ 404.1563 and 416.963).

10. The claimant has "a limited education" (20 C.F.R. §§ 404.1564 and 416.964).

11. The transferability of skills is not an issue in this case (20 C.F.R. §§ 404.1568 and 416.968).

12. The claimant has the residual functional capacity to perform a significant range of light work (20 C.F.R. § 416.967).

13. Although the claimant's exertional limitations do not allow her to perform the full range of light work, using Medical-Vocational Rule 202.18 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform, even with a fifty percent erosion of the light occupational work base because of the inability to use her hands repetitively. Examples of these jobs are: security guard that is light work with 28,000 jobs in the Texas economy and 380,000 jobs in the national economy; and surveillance monitor/gate guard that is sedentary unskilled work with 12,000 jobs in the Texas economy and 200,000 jobs in the national economy.

14. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. §§ 404.1520(f) and 416.920(f)).

(TR 22-23).

## STANDARD OF REVIEW

In an appeal under § 405(g), this Court must review the Commissioner's

decision to determine whether there is substantial evidence in the record to support the Commissioner's factual findings, *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1983), and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Smith v. Schweiker*, 646 F.2d 1075 (5th Cir. 1981); *see* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). This Court cannot reweigh the evidence or substitute its judgment for that of the Commissioner, *Chaney v. Califano*, 588 F.2d 958, 959, (5th Cir. 1979), and conflicts in the evidence are resolved by the Commissioner. *Carry v. Heckler*, 750 F.2d 479, 484 (5th Cir. 1985).

To establish disability, Plaintiff must demonstrate a medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. Plaintiff must also show that the impairment precludes performance of the work previously done, or any other kind of substantial gainful employment that exists in the national economy. 42 U.S.C. § 1382(a)(3).

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who at the time of his disability claim is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant

is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987). Finally, a claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

## ANALYSIS

The claimant's sole point of error is whether the administrative law judge's conclusion that the claimant retains the residual functional capacity to perform a significant range of light work is supported by substantial evidence or the record as a whole, including whether the decision was reached based upon errors of law requiring remand. The claimant's 34 page brief devotes less than 4 pages to substantive argument.

The ALJ noted that Plaintiff's impairments were "not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4." The ALJ specifically referenced the medical evidence relied upon in making this determination. The Commissioner argues that the ALJ properly referenced and applied the appropriate regulation in reviewing Plaintiff's subjective complaints.

SSR 96-7p explains that "an individual's statement about his or her symptoms is not enough in itself to establish the existence of a physical or mental impairment or that the individual is disabled." The ruling then delineates a two-step process for evaluating subjective symptoms such as pain. *See* SSR 96-7p. At the first step, the adjudicator must consider whether the claimant has an impairment that could cause the alleged symptoms. *Id.* This impairment must be shown by medically acceptable clinical and laboratory diagnostic techniques. *Id.* If the claimant has such an impairment, the adjudicator proceeds to the second step of the evaluation. *Id.* In the second step, the adjudicator must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which the symptoms limit the claimant's ability to work. *Id.* If the claimant's statements about the intensity, persistence, of functionally limiting effects of the symptoms are not substantiated by objective medical evidence, the adjudicator may not disregard the claimant's statements. *Id.* Rather, the adjudicator must make a finding on the credibility of the claimant's statements based on the entire record. *Id.* The ALJ properly determined that Plaintiff's allegations were credible only to the extent they agree with the residual functional capacity ultimately determined.

To establish disability, there must be a showing of functional impairment which would preclude substantial gainful activity. *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Plaintiff's subjective statements about her symptoms are not sufficient to establish a disabling physical or mental impairment. Rather, the ALJ has a duty to make a credibility finding when the individual's statements are "not substantiated by

8

objective medical evidence." 20 C.F.R. §§ 404.1529, 416.929; SSR 96-7p. Statements about symptoms and pain are not rejected solely due to lack of medical evidence, therefore, other factors such as activities of daily living, medication dosage and side-effects, treatment, and methods of alleviating pain are considered to determine the limiting effects of the pain and symptomatology on the ability to work. The ALJ analyzed Plaintiff's allegations of pain and the precipitating factors, and considered the objective medical evidence that supported or detracted from Plaintiff's claim of disability.

The ALJ also stated that pain and other symptoms must be considered and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical and other evidence based on the requirements of 20 C.F.R. §§ 404.1529 and 416.929, as well as SSR 96-7p. The ALJ may discount subjective complaints of pain if inconsistencies are apparent in the evidence as a whole. *Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995).

The ALJ also determined that despite Plaintiff's allegations of pain and other symptomatology, the medical evidence did not support Plaintiff's allegation. Plaintiff's treating physician, Dr. Zehr, and an evaluating physician, Dr. Osborne, also apparently did not believe that Plaintiff's pain was disabling because of perceived opinions that Plaintiff's physical complaints were either a result of psychological overlay or symptom magnification. The ALJ notes that Plaintiff's chiropractor, Dr. Dingle, opined in October 2002 that Plaintiff was permanently disabled since May 2000 and could not work. The opinion offered by Dr. Dingle is on a preprinted Medical Release/Physician's

Statement form relative to Plaintiff's application for food stamps. The ALJ appropriately noted that Dr. Dingle had not treated Plaintiff since September 2001. The ALJ also noted an opinion offered by John Ferrell, M.D. dated February 5, 2003, indicating that Plaintiff was subject to chronic pain syndrome and that he expected her disability to be permanent. However, the ALJ noted that the only other evidence provided by Dr. Ferrell was correspondence from him to Dr. Dingle in December 2001 indicating that Plaintiff's impairment rating was being disputed. The ALJ noted that the objective medical record is void of any treatment records or diagnostic test findings provided by Dr. Ferrell in support of his conclusory opinion. The ALJ properly assessed the opinions of Drs. Dingle and Ferrell by indicating that an opinion that a Claimant is disabled is a finding of fact reserved to the Commissioner pursuant to SSR 96-5p

The medical expert, Howard H. McClure, M.D. opined that Plaintiff was capable of light work activity with the exception that she would not be able to use her hands for repetitive tasks. The ALJ also noted the existence of a full-battery psychiatric consultative evaluation of Plaintiff performed by Ronald W. Anderson, M.D. on August 11, 2001. At that time, she was diagnosed to be subject to an adjustment disorder (with mixed features of depression and anxiety) and borderline intellectual functioning with a global assessment of functioning (GAF) estimated at 65 (highest GAF rating in past year was estimated to be 80-85) indicating only slight to moderate impairment in functioning. The consultative examiner opined that Plaintiff did not demonstrate a mental condition that would keep her from being gainfully employed, that formal psychotherapy was not strongly suggested, and that it was felt that Plaintiff would

benefit from vocational counseling and guidance.

The ALJ received testimony from J.R. Price, M.D. Dr. Price, a clinical psychologist, testified in his opinion that Plaintiff was subject to a non-severe mental impairment with only mild limitation in her activities of daily living, social functioning and ability to concentrate and that her borderline intellectual functioning did not have a severe impact on her work performance.

The ALJ determined that the record did support Plaintiff's inability to perform work involving repetitive use of the hands but did not disclose any impairment that would prevent Plaintiff from engaging in work activity at all exertional levels. The ALJ found that the opinions of Drs. Dingle and Ferrell were not adequately supported by objective evidence and, consequently, carried little weight in his administrative decision on disability in accordance with 20 C.F.R. §§ 404.1527 and 416.927. Opinions of treating doctors that a claimant is "disabled" have no special significance. *See Frank v. Barnhart*, 326 F.3d 618 (5th Cir. 2003). The ALJ found that Plaintiff had the residual functional capacity for less than the full range of light work with identified limitations that impeded her capability to perform the full range of light or sedentary work.

The final responsibility for the determination of an individual's residual functional capacity, whether an individual's residual functional capacity prevents her from doing past relevant work, and the ultimate question of whether an individual is "disabled" under the Act are issues reserved to the Commissioner pursuant to SSR 96-5p and 20 C.F.R. §§ 404.1527(d)(6)(e) and 416.927(d)(6)(e). *Tamez v. Sullivan*, 888 F.2d 334,

336 n.1 (5th Cir. 1989). The ALJ's residual functional capacity assessment is consistent with the evidence of record and constitutes an appropriate resolution of any conflicts in the evidence. *Richardson v. Perales*, 402 U.S. 389, 399 (1971); *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987).

The absence of limiting objective medical factors can itself justify an ALJ's ultimate conclusion. *See Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1384 (5th Cir. 1988). Plaintiff's subjective complaints will not take precedence over conflicting medical evidence. *Harper v. Sullivan*, 887 F.2d 92, 96 (5th Cir. 1989); *Owens v. Heckler*, 770 F.2d 1276, 1281 (5th Cir. 1985). The ALJ noted that Plaintiff takes pain medication; however, there was no evidence that Plaintiff alleged that she experienced side effects from her medications. *Lovelace*, 813 F.2d at 59 (a medical impairment that reasonably can be remedied by medication or treatment is not disabling).

The ALJ determined the Plaintiff would be able to understand, remember and carry out simple instructions, use judgment, respond appropriately to co-workers and supervisors, and to adapt to routine changes in the workplace. Therefore, the ALJ determined that Plaintiff would be capable of performing a range of light work activity and utilized Medical-Vocational Rule 202.18 as a framework for decision making.

The ALJ utilized a vocational expert to make a particularized determination that there were jobs Plaintiff could perform. The hypothetical question posed to the VE incorporated the previously stated limitations found by the ALJ. *See Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). The VE testified that an individual such as

Plaintiff could perform the jobs of security guard and surveillance monitor/gate guard. The ALJ may rely on the VE's testimony if it incorporates the restrictions the ALJ recognizes. *Boyd v. Apfel*, 239 F.3d 698, 706-07 (5th Cir. 2001).

The evidence indicates that Plaintiff had severe impairments that caused limitations in her ability to perform work activity. However, those impairments were not so severe as to be disabling. The ALJ's residual functional capacity assessment was consistent with the medical evidence and took into account Plaintiff's credible subjective complaints. The ALJ's determination that Plaintiff could perform a significant range of light work was supported by substantial evidence.

## **RECOMMENDATION**

Pursuant to the foregoing, it is RECOMMENDED that the decision of the Administrative Law Judge should be AFFIRMED.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) *en banc*.

**SIGNED this 25th day of April, 2005.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE